# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

_____

MALCOLMX JOHNSON,

   Plaintiff,

v.                                                         No. 1:22-cv-1073-STA-jay

WISE STAFFING GROUP,

   Defendant.
_____

## REPORT AND RECOMMENDATION
_____

On April 21, 2022, pro se Plaintiff MalcolmX Johnson filed this Complaint against Wise Staffing Group. Docket Entry "D.E." 1. The Complaint was accompanied by a Motion for Leave to Proceed in forma pauperis, which the Court granted. D.E. 2, 9. Pursuant to Administrative Order 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. On August 17, 2022, the undersigned ordered Plaintiff to amend his Complaint and attach a copy of his Equal Employment Opportunity Commission (EEOC) right-to-sue letter and his EEOC charge of discrimination. D.E. 12. Plaintiff timely filed an Amended Complaint as he was directed by the Court, but he failed to attach a copy of his EEOC right-to-sue letter and his EEOC charge of discrimination. D.E. 13. For the following reasons, it is **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to exhaust his administrative remedies.

## I. PROPOSED FINDINGS OF FACT

In his original Complaint, Plaintiff alleges that he applied for a job with Wise Staffing Group on March 11, 2022. D.E. 1 at 1. Plaintiff was hired and worked on March 14 and March 15, 2022. *Id.* Plaintiff further alleges that his mother received a phone call from Wise Staffing, presumably on March 15, 2022, advising that Plaintiff need not return to work as his "time was up." D.E. 1 at 2. According to Plaintiff, he and his mother went in person to the Wise Staffing Group office to inquire as to why he had been terminated but none of the Wise Staffing Group employees provided Plaintiff with a reason for his termination. *Id*. After returning home from his visit to the Wise Staffing Group office, two Union City Police Department officers soon arrived at Plaintiff's home, approached Plaintiff, and asked for his driver's license. D.E. 1 at 2–3. After the officers "ran" his license, one of the officers allegedly "printed out a 'ban citation' because the employees lied to the two police officers that [Plaintiff] was going to blow something up". D.E. 1 at 3. Plaintiff avers that these events transpired because Plaintiff's "name is MalcolmX Johnson, [his] religion, [his] race, national origin, gender, sex, and false allegations against [him]." *Id.*

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964 alleging that he was discriminated against in his employment based upon his race, color, religion, sex, or national origin. *Id*. After granting Plaintiff leave to proceed in forma pauperis, the Court ordered Plaintiff to file an Amended Complaint that contained a copy of his EEOC right-to-sue letter and EEOC charge of discrimination. D.E. 12. Plaintiff filed an Amended Complaint that contains verbatim the same allegations as set forth in his original Complaint, but Plaintiff failed to attach the EEOC documents as ordered by the Court. D.E. 13.

## II. PROPOSED CONCLUSIONS OF LAW

A.     28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a pro se case where the pro se plaintiff has been granted leave to proceed in forma pauperis until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to pro se litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the Court's screening. The court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

B.     Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint must "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to the plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[ ] are not entitled to the assumption of

truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard . . . ." *Swierkiewicz*, 534 U.S. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted) (alteration in original).

    C.    <u>Failure to Exhaust Administrative Remedies</u>

It is well settled that a plaintiff must first exhaust administrative remedies before filing a discrimination lawsuit under Title VII in federal court. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F. 3d 724, 731 (6th Cir. 2006). Before filing suit in federal court under Title VII, the plaintiff must first timely file a relevant charge of discrimination before the EEOC or corresponding state agency. *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001). The purpose of this requirement

4

is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Randolph*, 453 F.3d at 731–32 (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). The plaintiff must file a charge with the EEOC within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). If the EEOC elects not to prosecute the plaintiff's discrimination charge, it shall issue a notice of right-to-sue to the plaintiff. 29 C.F.R. § 1601.28(b). Upon receipt of the notice of right-to-sue, the plaintiff has ninety days in which to bring a federal action alleging violation of Title VII. 42 U.S.C. § 2000e–5(f)(1). This ninety-day requirement is a timing requirement similar to a statute of limitations; it serves as a bar to the plaintiff's lawsuit when the complaint is not timely filed. *Truitt v. Cty. of Wayne*, 148 F.3d 644, 646–47 (6th Cir. 1998).

Here, Plaintiff, in his original Complaint, failed to allege whether he filed a charge of discrimination with the EEOC as required before initiating this lawsuit. The Court then ordered Plaintiff to file an Amended Complaint with an attached EEOC right-to-sue letter and the charge of discrimination Plaintiff made to the EEOC. Plaintiff failed to furnish these required documents. As such, it appears that Plaintiff has failed to exhaust his administrative remedies prior to bringing this lawsuit.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended again that Plaintiff's action be dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies prior to initiating this action.

Respectfully submitted this 7th day of September, 2022.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.**