IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MALCOMX JOHNSON,

   Plaintiff,

v.                                                                              No. 1:22-cv-1073-STA-jay

WISE STAFFING GROUP,

   Defendant.

## REPORT AND RECOMMENDATION

     Before the Court is Plaintiff's Motion to Reopen this case. ECF No. 18. Pursuant to Administrative Order 2013-05, this matter is referred to the undersigned for a Report and Recommendation. ECF No. 19. For the reasons that follow, the undersigned **RECOMMENDS** Plaintiff's Motion to Reopen and Motion to Subpoena Right to Sue Letter be **DENIED**, and the subsequent Motion to Add Defendant be **DENIED** as **MOOT**.

    I.    **PROPOSED FINDINGS OF FACT**

     Pro se Plaintiff MalcolmX Johnson filed this Complaint against Wise Staffing Group alleging several instances of employment discrimination on April 21, 2022. ECF No. 1 at 3. Plaintiff failed to include the required Equal Employment Opportunity Commission (EEOC) right to sue letter. On August 17, 2022, the Court issued an Order directing Plaintiff to file an amended complaint that included a copy of the EEOC right to sue letter. ECF No. 12 at 3-4. Plaintiff filed an Amended Complaint, but he still failed to include the right to sue letter. ECF No. 13. On September 7, 2022, the undersigned submitted a Report and Recommendation to dismiss Plaintiff's case for failure to exhaust his administrative remedies. ECF No. 14 at 4-5. On September

27, 2022, the Court adopted the Report and Recommendation and entered a Judgment dismissing Plaintiff's case. ECF Nos. 15-16.

On January 30, 2023, Plaintiff filed the instant Motion. ECF No. 18. Plaintiff moves the Court to reopen his case and to "subpoena a right to sue letter" because allegedly the EEOC has "refused" to issue one. ECF No. 18 at 1. In this Motion, Plaintiff includes the following factual allegations. On November 28, 2022, Plaintiff participated in a Zoom conference call with a representative from the EEOC and two representatives from Defendant Wise Staffing Group. ECF No. 18 at 1. On that call, Defendant allegedly "admitted being guilty of job employment discrimination" and "offered a settlement". ECF No. 18 at 1. Plaintiff avers that he refused to accept the offered settlement. ECF No. 18 at 1.

On February 8, 2023, Plaintiff filed another Motion seeking leave to add a new defendant: Pilgrim Pride. ECF No. 20. He noted in the Motion to Reopen that "Pilgrim Pride didn't want to have any involvement in the job employment discrimination case." ECF No. 18 at 1. In the Motion to Add Defendant, Plaintiff states that despite attempting "on many occasions to request" a right to sue letter from the EEOC, the Commission failed to issue one. ECF No. 20. Plaintiff again requests the Court to "subpoena the letter for [him]." ECF No. 20.

## II.     ANALYSIS

Based on Plaintiff's Motions, the Court will consider (1) whether Plaintiff's case should be reopened; (2) whether the Court should subpoena a right to sue letter from the EEOC; and (3) whether the Court should grant Plaintiff's Motion to add a defendant. For the following reasons, the undersigned **RECOMMENDS** all of Plaintiff's Motions be **DENIED**.

**A. Plaintiff's case should not be reopened**

Federal Rule of Civil Procedure 60(b) provides a mechanism by which a party may be relieved from final judgment. FED. R. CIV. P. 60(b). There are six justifications in the Rule that might give a party grounds for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an early judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6).

Plaintiff did not cite to this Rule, or any other Federal Rule, in his Motion. However, the Court will consider this Motion pursuant to Rule 60(b). In doing so, the Court finds that the only potential avenue for Plaintiff to find relief from judgment is Federal Rule of Civil Procedure 60(b)(6) because Plaintiff did not include any facts that might justify relief under any of the other five provisions. Rule 60(b)(6) is a catchall provision and relief under this Rule "is available 'only in exceptional or extraordinary circumstances'" and "must include unusual and extreme situations where principles of equity *mandate* relief." *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). A party may not rely on Rule 60(b)(6) to simply relitigate their case. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his favor by presenting new explanations, legal theories, or proof.").

Plaintiff failed to establish the necessary justification to reopen his case because he has failed to produce the EEOC right to sue letter as required. This indicates to the Court Plaintiff still

3

has not exhausted his administrative remedies. It is well settled that a plaintiff must first exhaust administrative remedies before filing a discrimination lawsuit under Title VII in federal court. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F. 3d 724, 731 (6th Cir. 2006). Before filing suit in federal court under Title VII, the plaintiff must first timely file a relevant charge of discrimination before the EEOC or corresponding state agency. *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001). The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731–32 (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). The plaintiff must file a charge with the EEOC within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1).

It is the filing of a charge of discrimination with the EEOC that is the condition precedent to receiving a right to sue letter from the EEOC. There are two ways Plaintiff in this case might have obtained a right to sue letter. First, if the EEOC elects not to prosecute an aggrieved party's discrimination charge, it will issue a notice of right to sue to the plaintiff. 29 C.F.R. § 1601.18(b). Second, if 180 days have elapsed since an aggrieved party filed a charge of discrimination with the EEOC, they may request "in writing [] that a notice of right to sue be issued . . . ." 29 C.F.R. § 1601.28(a)(1).

The Court will construe Plaintiff's assertions that he has attempted to obtain a right to sue letter from the EEOC on multiple occasions to be an argument that the EEOC's failure to issue such a letter amounts to a justification under Rule 60(b)(6) that would warrant reopening his case. The Court finds this argument unmeritorious. Plaintiff included no facts to indicate that he

4

complied with the administrative procedures required by filing a charge of discrimination with the EEOC. 29 C.F.R. § 1601.7.

Moreover, Plaintiff, in a previous Court filing, submitted a copy of a letter he sent to the EEOC office in Little Rock, Arkansas on January 10, 2023. ECF No. 17. The letter requests the EEOC issue a right to sue letter. ECF No. 17. Plaintiff states that he "originally requested it in September of 2022 and ha[s] not received it yet." ECF No. 17. As justification for the right to sue letter, Plaintiff states he "request[s] it under the Freedom of Information Act 5USC Ch. 5 Subch. 118552 [sic]." ECF No. 17. It appears, then, that Plaintiff has sought a right to sue letter wholly outside the administrative process established by the EEOC as the Freedom of Information Act does not cover right to sue letters in this capacity.

As such, the Court finds itself in the same position it was in six months ago: Plaintiff has failed to produce the necessary documents in order to proceed with litigation. More important, Plaintiff has failed to convince the Court that the EEOC's refusal to issue a right to sue letter is unwarranted such that Rule 60(b)(6) is applicable. Therefore, the undersigned **RECOMMENDS** Plaintiff's Motion to Reopen the Case be **DENIED**.

### B.  The Court should not subpoena a right to sue letter

Plaintiff requests that the Court subpoena a right to sue letter from the EEOC. ECF No. 20. The Court should decline to do so because Plaintiff has failed to show that he has otherwise complied with the administrative process that would lead to the EEOC issuing a right to sue letter. As noted above, a right to sue letter is not issued until an aggrieved party has filed a charge of discrimination with the EEOC. 29 C.F.R. § 1601.18(b); 29 C.F.R. § 1601.28(a)(1). Plaintiff has failed to establish that exercise of the Court's subpoena power is appropriate in this instance

because Plaintiff has not convinced the Court he complied with the EEOC's administrative processes already in place.

Had Plaintiff shown some facts to indicate he filed a charge of discrimination, and the EEOC then failed to comply with its own rules in issuing a right to sue letter either upon a dismissal of the charge or the passage of 180 days, the Court might have grounds upon which to issue a subpoena. Instead, Plaintiff has submitted to the Court documentation that he has sought a right to sue letter outside of the administrative process. ECF No. 17. As such, a subpoena to the EEOC is not warranted. The undersigned therefore **RECOMMENDS** Plaintiff's Motion to Subpoena be **DENIED**.

### C. The Court should deny Plaintiff's Motion to Add a Defendant

Finally, Plaintiff moves the Court to add a Defendant, Pilgrim Pride, to this litigation. ECF No. 20. Because the undersigned Recommends the Court not reopen Plaintiff's case, the undersigned also **RECOMMENDS** Plaintiff's Motion to Add Defendant be **DENIED** as **MOOT**.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** Plaintiff's Motion to Reopen be **DENIED**; Plaintiff's Motion to Subpoena be **DENIED**; and Plaintiff's Motion to Add Defendant be **DENIED** as **MOOT**.

Respectfully submitted this the 21st day of March, 2023.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**