IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MALCOLMX JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   No. 1:22-cv-1073-STA-jay |
| | ) |
| WISE STAFFING GROUP, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER DENYING PLAINTIFF'S MOTION TO REOPEN AND ISSUE SUBPOENA
(ECF NO. 18)
ORDER DENYING MOTION TO ADD DEFENDANT AS MOOT (ECF NO. 20)
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER ON APPELLATE FILING FEE**

Before the Court are Plaintiff MalcolmX Johnson's Motion to Reopen and Motion to Subpoena Right to Sue Letter (ECF No. 18) as well as his Motion to Add Defendant (ECF No. 20). By way of background, the Court dismissed Plaintiff's case on the recommendation of the United States Magistrate Judge on September 27, 2022, and entered judgment. *See* Order Adopting Rep. & Recommendation, Sept. 27, 2022 (ECF No. 15). Plaintiff did not appeal the Court's decision, and the time to file an appeal has long since passed. The judgment in this case is therefore final. Plaintiff now requests that the Court reopen his case and order the EEOC to issue a right-to-sue letter. Plaintiff also moves to add another party as a Defendant. On March 21, 2023, the Magistrate Judge issued a report and recommendation (ECF No. 21) that the Court deny Plaintiff's Motions, reasoning that Plaintiff had not shown an entitlement to relief under Federal Rule of Civil Procedure 60(b) and that his request to add a party to his now closed civil action was therefore moot. Plaintiff had 14 days from the service of the Magistrate Judge's report in which

1

to file objections. Plaintiff has not objected to the report and its recommended conclusions of law, and the time to object has now expired.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs to a United States Magistrate Judge for management of all pretrial matters. The Magistrate Judge has recommended that the Court deny Plaintiff's Motion to Reopen, his Motion to Subpoena a Right to Sue Letter, and Motion to Add a Party pursuant to 28 U.S.C. § 636(b)(1)(B). While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

In the absence of any objection to the Magistrate Judge's recommendations, the Court hereby **ADOPTS** the Magistrate Judge's report and recommendation, **DENIES** Plaintiff's Motion to Reopen and Motion to Subpoena Right to Sue Letter, and **DENIES** as moot Plaintiff's Motion to Add Defendant.

The next issue to be addressed is whether the Court should authorize Plaintiff to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. "'Good faith' has

been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case, Plaintiff's failure to meet any of the requirements for setting aside the judgment under Rule 60(b) and his failure to make any timely objection to the Magistrate Judge's report and recommendation, also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, he must pay the entire $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. By filing a notice of appeal Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

---

[4] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.

**IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

                                          Date: April 6, 2023