## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

---

MALCOMX JOHNSON,

    Plaintiff,

v.                                                                  No. 1:22-cv-1073-STA-jay

WISE STAFFING GROUP,

    Defendant.

---

## REPORT AND RECOMMENDATION

---

Before the Court is Plaintiff's Second Motion to Reopen this case. ECF No. 24. This matter has been referred to the undersigned for a Report and Recommendation. ECF No. 25. For the reasons that follow, the undersigned **RECOMMENDS** Plaintiff's Second Motion to Reopen be **DENIED.**

## I. BACKGROUND

Plaintiff initiated this action on April 21, 2022. ECF No. 1. Plaintiff moved for and was granted leave to proceed in forma pauperis. ECF Nos. 2, 9. Plaintiff, who asserts an employment discrimination claim, was ordered to file an amended complaint that included a copy of an EEOC right-to-sue letter. ECF No. 12. Plaintiff filed an amended complaint but did not include an EEOC right-to-sue letter as he had been directed to do. ECF No. 13. The undersigned Magistrate Judge recommended that this matter be dismissed without prejudice due to Plaintiff having failed to exhaust his administrative remedies. ECF No. 14. The presiding District Judge adopted the recommendation and dismissed this matter without prejudice, and judgment was entered. ECF Nos. 15-16. Plaintiff then filed motions to reopen his case, to add a defendant, and for the Court

to subpoena his right-to-sue letter from the EEOC. ECF No. 18, 20. The undersigned Magistrate Judge recommended that Plaintiff's motions be denied. ECF No. 21. The presiding District Judge again adopted the recommendation and declined to reopen Plaintiff's case. ECF No. 22. Plaintiff now files the instant motion to reopen his case and included a right-to-sue letter issued by the EEOC. ECF No. 24.

## II. ANALYSIS

Like the first time Plaintiff sought to have his case reopened, Federal Rule of Civil Procedure 60(b) governs when a court is allowed to set aside or vacate a final judgment or order. *See* FED.R.CIV.P. 60(b). Also like the first time Plaintiff sought to have his case reopened, Plaintiff has not identified any section under Rule 60(b) that is applicable to his case; instead, Plaintiff now has submitted a right-to-sue letter from the EEOC that he was directed to submit over a year ago. *See* ECF No. 12. The only provision of Rule 60(b) that could provide any relief to Plaintiff is the catch-all provision of subsection (6) which "is available 'only in exceptional or extraordinary circumstances'" and "must include unusual and extreme situations where principles of equity *mandate* relief." *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Again, Plaintiff has offered no reasons to establish that his late produced right-to-sue letter is an "exceptional or extraordinary circumstance," or an "unusual or extreme situation[] where principles of equity mandate relief." *Id.* Because Plaintiff has failed to demonstrate why the court should set aside or vacate a final judgment in this matter, Plaintiff's second motion to reopen his case should be **DENIED.**

## III. CONCLUSION

For the reasons stated above, Plaintiff's second Motion to Reopen this case should be **DENIED**. ECF No. 24. Plaintiff is cautioned against filing another motion to reopen this case as

he has failed to demonstrate in either of his motions to reopen that he is entitled to the relief requested. Plaintiff is reminded that this matter was dismissed without prejudice due to his failure to exhaust his administrative remedies, and, if Plaintiff believes that he has now corrected this deficiency and exhausted his administrative remedies, Plaintiff may refile this matter as a new lawsuit.

Respectfully submitted this the 31st day of August, 2023.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**