IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MALCOLMX JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:22-cv-1073-STA-jay |
| | ) | |
| WISE STAFFING GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER DENYING PLAINTIFF'S MOTION TO REOPEN (ECF NO. 24)
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER ON APPELLATE FILING FEE**

Before the Court is Plaintiff MalcolmX Johnson's Motion to Reopen (ECF No. 24), and the United States Magistrate Judge's report and recommendation (ECF No. 26) that the Court deny Plaintiff's Motion. By way of background, the Court originally dismissed Plaintiff's case on the recommendation of the Magistrate Judge on September 27, 2022, and entered judgment. *See* Order Adopting Rep. & Recommendation, Sept. 27, 2022 (ECF No. 15). Plaintiff did not appeal the Court's decision, and the time to file an appeal has long since passed. The judgment in this case is therefore final.

Then, on January 30, 2023, more than four months after the Court had dismissed the case, Plaintiff filed a motion to reopen the case (ECF No. 18), and on February 8, 2023, a motion to subpoena (ECF No. 20) a right-to-sue letter from the EEOC. Plaintiff also moved to add another party as a Defendant. On March 21, 2023, the Magistrate Judge issued a report and recommendation (ECF No. 21) that the Court deny Plaintiff's motions, reasoning that Plaintiff had not shown an entitlement to relief under Federal Rule of Civil Procedure 60(b) and that his request

1

to add a party to his now closed civil action was therefore moot. When Plaintiff filed no objections to the Magistrate Judge's recommendation, the Court adopted the report and recommendation on April 6, 2023, and denied Plaintiff's requests for relief.

In his latest Motion to Reopen, Plaintiff now indicates that he has received a right-to-sue letter from the EEOC and wants to proceed with his claims. According to the right-to-sue letter attached to the Motion (ECF No. 24-1), the EEOC issued Plaintiff the letter on August 1, 2023. The Magistrate Judge has once more issued a report and recommendation (ECF No. 26) that the Court deny the request to reopen the case. The Magistrate Judge noted that Plaintiff's case has now been closed almost a year. However, Plaintiff has not shown why he is entitled to any relief from the judgment under Federal Rule of Civil Procedure 60(b). Just as he did in his prior report, the Magistrate Judge also noted that the Court dismissed Plaintiff's original claims without prejudice, thereby allowing Plaintiff to refile his claims as a new lawsuit once he received a right-to-sue letter from the EEOC. Without some showing to satisfy the requirements of Rule 60(b), the Magistrate Judge recommends that the Court deny Plaintiff's request to reopen this closed case.

Plaintiff had 14 days from the service of the Magistrate Judge's report in which to file objections. Plaintiff has filed a timely, one-page objection (ECF No. 27) to the report and its recommended conclusions of law. Plaintiff argues that the EEOC's slow processing his charge of discrimination has occasioned the delay in getting his case reopened. Plaintiff also seeks permission to add Pilgrim Pride as a defendant in this case.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States

2

District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs acting *pro se* to a United States Magistrate Judge for management of all pretrial matters. The Magistrate Judge has recommended that the Court deny Plaintiff's Motion to Reopen pursuant to 28 U.S.C. § 636(b)(1)(B). While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

The Court finds that Plaintiff's objections are not actually objections to the Magistrate Judge's recommendation so much as they are requests to add a new party to the case and an explanation for the delay in getting a right-to-sue letter from the EEOC. Before the Court can consider those issues, though, Plaintiff must first show cause for the Court to set aside the judgment in what is a closed civil case. Federal Rule of Civil Procedure 60(b) lists several grounds to grant a party relief from a final judgment. "Relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Doe v. Lexington-Fayette Urban Cty. Gov't*, 407 F.3d 755, 760 (6th Cir. 2005) (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Plaintiff has not carried this heavy burden. Plaintiff has not given any reasons why the Court should grant his request to reopen this case or why Plaintiff cannot refile his claims in a new lawsuit now that he has received a right-to-sue letter from the EEOC. The right-to-sue letter

3

attached to Plaintiff's Motion to Reopen (ECF No. 24-1) was dated August 1, 2023. Plaintiff has 90 days from the receipt of his right-to-sue to file a new action. *Boshaw v. Midland Brewing Co.*, 32 F.4th 598, 603 (6th Cir. 2022) (citing 42 U.S.C. § 2000e-5(f)(1)). Because Plaintiff has not carried his burden under Rule 60(b), the Court hereby **ADOPTS** the Magistrate Judge's report and recommendation and **DENIES** Plaintiff's Motion to Reopen.

The next issue to be addressed is whether the Court should authorize Plaintiff to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J., concurring). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to deny Plaintiff relief from a final judgment, namely, Plaintiff's failure to meet any of the requirements for setting aside the judgment under Rule 60(b), also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The United States Court of Appeals for the Sixth Circuit's decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case. If Plaintiff files a notice of appeal, he must pay the entire $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. By filing a notice of appeal Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. If Plaintiff fails to comply with the above assessment of the

appellate filing fee within thirty (30) days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. *McGore*, 114 F.3d at 610.

**IT IS SO ORDERED.**

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date: October 10, 2023.

---

[4] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.